IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY CAIRNS, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   FILE No. |
| THEO'S GRILL & BAR, INC. | ) |
| and JOHN CHOKAS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' THEO'S GRILL & BAR, INC. and JOHN CHOKAS, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

1

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, THEO'S GRILL & BAR, INC. (hereinafter "THEO'S GRILL & BAR, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, THEO'S GRILL & BAR, INC., may be properly served with process via its registered agent for service, to wit: Yok S. Chan, Registered Agent, 107 NW 8th Street, Grand Prairie, TX 75050.

9. Defendant, JOHN CHOKAS (hereinafter "JOHN CHOKAS"), is an individual who transacts business in the State of Texas and within this judicial district.

10. Defendant, JOHN CHOKAS, may be properly served with process via service, to wit: 808 Dalworth Street, Grand Prairie, TX 75050-5542.

**FACTUAL ALLEGATIONS**

11. On or about December 18, 2019, Plaintiff was a customer at "Theo's Grill & Bar," a business located at 107 NW 8th Street, Grand Prairie, TX  75050, referenced herein as "Theo's Grill".  *See* Receipt attached as Exhibit 1.  *See* also photo of Plaintiff attached as Exhibit 2.

12. Theo's Grill is operated by Defendant, THEO'S GRILL & BAR, INC.

13. Defendant, THEO'S GRILL & BAR, INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14. Defendant, JOHN CHOKAS, is the owner or co-owner of the real property and improvements that Theo's Grill is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff's access to the restaurant located at 107 NW 8th Street, Grand Prairie, TX 75050, Dallas County Property Appraiser's parcel number 280525000720R0000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at Theo's Grill and the Property, including those set forth in this Complaint.

16. Plaintiff has visited Theo's Grill and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Theo's Grill and the Property within six months after the barriers to access detailed in this Complaint are removed and Theo's Grill and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when Theo's Grill and the Property are made accessible and

3

to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting Theo's Grill and the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to Theo's Grill and the Property as a customer and as an independent advocate for the disabled, encountered barriers to access at Theo's Grill and the Property, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Theo's Grill and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing

4

     facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.   Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   \* \* \* \* \*

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.   The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.   Theo's Grill is a public accommodation and service establishment.

25.   The Property is a public accommodation and service establishment.

26.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to

implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. Theo's Grill must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed Theo's Grill and the Property in his capacity as a customer of Theo's Grill and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Theo's Grill and the Property that preclude and/or limit his access to Theo's Grill and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit Theo's Grill and the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Theo's Grill and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Theo's Grill and the Property that preclude and/or limit his access to Theo's Grill and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, have

discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Theo's Grill and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, are compelled to remove all physical barriers that exist at Theo's Grill and the Property, including those specifically set forth herein, and make Theo's Grill and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Theo's Grill and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Theo's Grill and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

   (i) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. The property has approximately 68 total parking spaces, which includes parking spaces in the back of the Property which are not paved or marked but are routinely utilized by the Defendants and their patrons as regular parking spaces. As such, there should be at least three accessible parking spaces on the Property, but there are only two accessible

parking spaces present. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(ii) The access aisle to one of the accessible parking spaces is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) The accessible curb ramp is improperly protruding into the access aisle of one of the accessible parking spaces in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv) The second accessible parking space does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(v) The accessible parking space missing an access aisle is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(vi) The two accessible parking spaces have signs, but the accessible parking space signs are well below 60 inches in height in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(vii)   Due to the presence of stairs with no nearby accessible ramp, the Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property using public transportation.

(viii)  The Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(ix)    Inside Theo's Grill and Bar, the door exiting the restroom area lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(x)     Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**THEO'S GRILL AND BAR RESTROOMS**

(i)     The restrooms lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. By not having signage, this causes anxiety in Plaintiff because if they want to use the restroom, seeing a sign indicates to Plaintiff the business likely made their restroom accessible not seeing a sign likely means it is not accessible causing anxiety.

(ii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) Restrooms have a vanity sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to use the sink because their feet would block access to the sink.

(iv) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation would make it difficult for the Plaintiff and/or any disabled individual in a wheelchair to see themselves in the mirror.

(v) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to reach the paper towels.

(vi) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This would make it difficult for Plaintiff and/or any disabled individual to safely transfer from their wheelchair to the toilet.

(vii) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to flush the toilet.

    (viii)    The clear width of the door providing access to the men's restroom is less than 32 (thirty-two) inches, due to the proximity of the paper towel dispenser and the placement of the trash can, in violation of Section 404.2.3 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to access the restroom while in the wheelchair.

    (ix)    In the men's restroom, the distance of the centerline of the toilet is not adequately positioned from the side wall or partition positioning in violation of Section 604.2 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely transfer from their wheelchair to the toilet.

    (x)    The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to access the restroom.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Theo's Grill and the Property.

36.    Plaintiff requires an inspection of Theo's Grill and the Property in order to determine all of the discriminatory conditions present at Theo's Grill and the Property in violation of the ADA.

37.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.    All of the violations alleged herein are readily achievable to modify to bring

Theo's Grill and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Theo's Grill and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Theo's Grill and the Property is readily achievable because Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, have the financial resources to make the necessary modifications as the restaurant is busy and the Property is valued at $443,190.00 according to the Property Appraiser website.

41. Upon information and good faith belief, Theo's Grill and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Theo's Grill and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of

litigation from Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, to modify Theo's Grill and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, THEO'S GRILL & BAR, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, JOHN CHOKAS, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, THEO'S GRILL & BAR, INC. and JOHN CHOKAS, to (i) remove the physical barriers to access and (ii) alter the subject Theo's Grill and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 11, 2020.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES


Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS